UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| WHITNEY HURT, | ] |  |
|---|---|---|
|  | ] |  |
| Plaintiff, | ] |  |
|  | ] |  |
| vs. | ] | 7:06-CV-04827-LSC |
|  | ] |  |
| PHIFER INCORPORATED, | ] |  |
|  | ] |  |
| Defendant. | ] |  |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion for summary judgment, which was filed on January 22, 2008, by Phifer Incorporated ("Phifer" or "Defendant"). (Doc. 20.) Plaintiff Whitney Hurt ("Hurt" or "Plaintiff") has alleged that Phifer violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991; 42 U.S.C. § 1981 ("§ 1981"); and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2611, *et seq.*, when it failed to promote him to an Electronics Tech Assistant position in February 2006.  Phifer has moved for summary judgment on all of Plaintiff's claims.  The issues raised in

Defendant's motion for summary judgment have been briefed by both parties and are now ripe for decision. Upon full consideration of the legal arguments and evidence presented, Phifer's motion will be granted in all respects.

II.     Facts.[1]

Whitney Hurt, an African-American male, began his employment at Phifer on March 3, 2003, in the Phiferglass Weaving department. Phifer is a family-owned manufacturing company that makes window screening and shading fabrics. When he applied for a position with Phifer, Hurt noted that he was a "special disabled veteran" and had received a medical discharge from the U.S. Army. Plaintiff testified that he suffered frostbite injuries to his feet in January 1992. Despite foot pain, Hurt did not request accommodations at Phifer or any other company for which he worked. Hurt

---

[1]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

subsequently bid for, and was awarded, a Screen Doffer position and a Beam Tie-In Operator job—both in the Phiferglass Weaving department.

In June 2005, Beam Tie-In Operators were told they would need to work ten-hour shifts until notice was given otherwise. Hurt later gave his Department Supervisor, Darryl Bobo ("Bobo"), a note dated June 17, 2005, in which Dr. Grant L. Strong stated: Hurt was being treated for foot pain; standing for long periods of time may exacerbate the foot pain; and "[p]lease limit [Hurt's] work period to no more than eight hours per day." Dr. Strong did not say that Plaintiff's medical restriction should end on a certain date or after any particular length of time. The doctor's note was placed in Hurt's department file, but a copy was not sent to Human Resources, which would have been the typical company procedure.

In December 2005, Hurt bid for, and was awarded, a Loom Operator job in the Phiferglass Weaving department. On February 24, 2006, a company-wide posting for a D Crew Electronics Tech Assistant position ("Tech position") in the Process Control department was posted. It is undisputed that the Tech position required an employee to work twelve-hour shifts. Hurt bid for the Tech position, and was originally selected to

fill that job as the employee with the highest seniority and qualifications. However, Russell DuBose ("DuBose"), the Employment Manager, soon received word that Hurt had a medical restriction that prevented him from working a twelve-hour shift. When Dubose confirmed the restriction existed and Hurt did not have a physician's release, he called Plaintiff and told him that he was not eligible for the Tech position because he was medically restricted to working an eight-hour shift. Dubose then selected Aaron Shipley, a white male, as the next most senior qualified bidder.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting

evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.  Discussion.

Plaintiff contends that he was not selected for the D Crew Electronics Tech Assistant position in or around February 2006, because of his race and/or disability.  Defendant maintains that Hurt was not given the promotion because, while otherwise qualified, he was medically restricted from working a twelve-hour shift, a Tech position requirement.

A.  Race.

Hurt has not asserted that he has direct evidence of race discrimination with regard to his February 2006 bid for the Tech position.  Therefore, we analyze his race claims under Title VII and § 1981 using the analytical framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See, e.g.*, *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1333 (11th Cir. 1998).  First, the plaintiff must establish a prima facie case of discrimination.  "To establish his prima facie case of discriminatory failure to promote, [Hurt] must show that (1) he was in a protected group; (2) he was not given the promotion; (3) he was qualified for the position and (4) someone outside of the protected group was given the position." *Id.* (citing *Coutu v. Martin County Bd. of County*

*Commiss'rs*, 47 F.3d 1068, 1073 (11th Cir. 1995)). The prima facie case, once established, creates a presumption of discrimination, which the employer must rebut with legitimate, nondiscriminatory reasons for the employment action(s) at issue. "If the employer successfully rebuts the presumption, the burden shifts back to the plaintiff to discredit the proffered nondiscriminatory reasons by showing that they are pretextual." *Id*. at 1331.

Phifer argues that Hurt cannot show that he was qualified for the Tech position because he was medically restricted to an eight-hour work period. Plaintiff has not disputed that the Tech position on which he bid required an employee to work a twelve-hour shift. Hurt also does not dispute that he had submitted a doctor's note, dated June 17, 2005, which limited his work period to no more than eight hours per day. That doctor's note did not state that the medical restriction ended on any particular date. Hurt nevertheless argues that he was qualified for the Tech position because he "rightfully decided" he could work a twelve hour shift (Doc. 24 at 11), the doctor's note was nine months old (*id*. at 14), and he says he elected to work over eight hours on some occasions after submitting the doctor's note

(*id.* at 13). It is the plaintiff's burden to establish his prima facie case; yet, Hurt cites no legal support for his rationale. Moreover, this Court cannot agree with Plaintiff's reasoning that an employer may not rely on a medical restriction placed on an employee by his doctor simply because the employee has "decided" he feels well enough to ignore the doctor's restriction. Because Hurt has not introduced sufficient evidence to show he was fully qualified to fill the Tech position at issue, we do not need to discuss his race claims further.

However, even if this Court assumes that Hurt has established his prima facie case and shown that he was qualified for the February 2006 Tech position, Phifer has proffered Hurt's medical restriction as a legitimate, nondiscriminatory reason for its employment decision. To avoid summary judgment, Hurt must "either directly persuad[e] the court that a discriminatory reason more likely motivated the employer or indirectly [show] that the employer's proffered explanation is unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). "Plaintiff bears the burden of proving that the employer intentionally

discriminated against him because of his race." *Cooper v. Southern Co.*, 390 F.3d 695, 723 (11th Cir. 2004).

Hurt, however, has offered absolutely no evidence from which a reasonable jury could find that Defendant discriminated against him because of his race with regard to his bid for the February 2006 Tech Position. While he attempts to convince the Court that Bobo, his department supervisor, had some racial bias toward him and treated him unfairly,[2] Plaintiff does not dispute Defendant's evidence that Dubose—not Bobo—was the decisionmaker in this action. Hurt also does not argue, nor present any evidence to support a claim, that Bobo's alleged racial animus can be legally imputed to Dubose. *See, e.g., Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999); *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1248 (11th Cir. 1998). Therefore, Defendant is clearly entitled to summary judgment on Plaintiff's race discrimination claims under both Title VII and § 1981.

---

[2]Hurt's assertions of unfair treatment, however, are vague, conclusory, and unhelpful.

B.   Disability.

Plaintiff also argues that Phifer discriminated against him because of a real or perceived disability, in violation of the ADA.[3] The ADA prohibits employers from discriminating against "a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). In order to establish a prima facie case of discrimination under the ADA, however, a plaintiff must show that: (1) he has a disability, (2) he was a "qualified individual" at the relevant time who could perform the essential functions of the job in question with or without reasonable accommodations, and (3) he was discriminated against because of his disability. *Lucas v. W. W. Grainger, Inc.*, 257 F. 3d 1249, 1255 (11th Cir. 2001). The ADA defines "disability" as: "(A) a physical or mental

---

[3]Plaintiff's response memorandum also appears to reference purported failure(s) to accommodate. Such an allegation, however, was not made in Hurt's Complaint. Because new legal claims cannot be added in response to summary judgment, a failure to accommodate claim is not before this Court. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *see also Brown v. Snow*, 440 F.3d 1259, 1266 (11th Cir. 2006).
   Even if a failure to accommodate claim had been properly asserted in the Complaint, Plaintiff's assertions in his response memorandum are perfunctory and lack any citation to legal authority. According to the law of this circuit, then, the argument is waived. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument).

impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Rossbach v. City of Miami*, 371 F.3d 1354, 1357 (11th Cir. 2004). Defendant maintains that Hurt cannot show that he is disabled under the ADA, or that he was regarded as having an ADA-qualifying disability.

The first definition of an ADA "disability" involves a three-step analysis. *Rossbach*, 371 F.3d at 1357 (citing *Bragdon v. Abbott*, 524 U.S. 624 (1998)). First, a plaintiff must be physically or mentally impaired. Second, the life activity the plaintiff claims has been limited must be a "major life activity" under the ADA. *Id*. "Merely proving the existence of a physical impairment, without addressing any limitation on major life activities, is not sufficient to prove disability." *Standard*, 161 F.3d at 1327. "Major life activities," according to EEOC regulations, include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii).[4] Finally, the

---

[4]The Eleventh Circuit "frequently looks to the EEOC regulations for interpretive guidance regarding Subsection A of the ADA." *Rossbach v. City of Miami*, 371 F.3d 1354, 1357 n.4 (11th Cir. 2004).

plaintiff must establish that the impairment "substantially limits" that life activity. *Rossbach*, 371 F.3d at 1357. The U.S. Supreme Court has held that these "terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 197 (2002).

The EEOC defines "substantially limited" as "significantly restricted as to the condition, manner, or duration under which the average person in the general population can perform the same major life activity." 29 C.F.R. § 1630.2(j)(1). The regulations also state that the following factors should be considered when determining whether an individual is substantially limited in a major life activity: "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Id*. § 1630.2(j)(2). There is no such thing as a "per se" disability. Rather, the determination of "whether a person has a disability under the ADA is an individualized inquiry." *Sutton v. United Air Lines*, 527 U.S. 471, 483 (1999); *see also*

*Chenoweth v. Hillsborough County*, 250 F.3d 1328, 1330 (11th Cir. 2001) ("We look at [the plaintiff's] individual circumstances.").

Other than conclusory assertions that he is substantially limited in the major life activity of "standing"—and perhaps "working"—Plaintiff offers little evidence to support his disability claim. In fact, Hurt's allegations that he could work a twelve-hour shift without accommodation, and that his employer knew he was able to work longer than eight hours because he had worked purported ten-hour shifts after submitting his doctor's restriction, effectively defeats a showing that Plaintiff's impairment constitutes a disability—or that his employer regarded his impairment as disabling. Because Hurt has failed to meet his burden to proffer sufficient evidence of an ADA-qualifying disability, Phifer is entitled to summary judgment on his ADA discrimination claim.[5]

---

[5]Even if Plaintiff were "disabled," as defined by the ADA, and had otherwise established his prima facie case, he must introduce sufficient evidence to rebut Phifer's proffered legitimate, nondiscriminatory reason for its failure to award him the Tech position: Hurt's doctor-imposed medical restriction. *See, e.g., Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). As outlined in the Court's discussion of Plaintiff's race claim, he has failed to show that Phifer's reliance on an unsolicited doctor's note was pretext for unlawful discrimination.

Further, while Hurt again attempts to convince the Court that Bobo harbored animus toward him because of his physical impairment, Plaintiff does not argue nor support a claim that this alleged animus can be imputed to the undisputed

V.   Conclusion.

For the reasons stated above, Defendant's motion for summary judgment will be granted in all respects.  A separate order will be entered.

Done this 14<u>th</u> day of <u>April 2008</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671

---

decisionmaker, Dubose.